IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KATAKA NIGEL THOMAS                                              PLAINTIFF

v.                              Civil No.: 4:09-cv-04108

JAMES SINGLETON *et al.*                                         DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Kataka Thomas (Plaintiff) filed this case pro se and *in forma pauperis* on October 15, 2009, under 42 U.S.C. § 1983. (Doc. 1). The Defendants were served on March 22, 2010 (Docs. 8, 9) and an Answer to the Complaint was filed on March 23, 2010. (Doc. 6). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Harry F. Barnes. For the following reasons, it is the recommendation of the undersigned that this case be dismissed for failure to prosecute and for failure to follow Local Rule 5.5(c)(2).

**I.    BACKGROUND**

On October 26, 2009, mail was returned to the court as "Undeliverable/marked Refused" when sent to Plaintiff's address of record at the time, the Hempstead County Jail. The returned mail included the following: Plaintiff's copies of the file marked application to proceed *in forma pauperis* (IFP) (Doc. 2) and complaint (Doc. 1), the court's order granting IFP status (Doc. 3), as well as a magistrate notice/consent. On October 27, 2009, mail was returned as "Undeliverable/marked Attempted-Not Known." This mail had also been sent to the Hempstead County Jail and included the Clerk's Order regarding collection of the filing fee pursuant to the PLRA. (Doc. 4).

The court entered a change of address on Plaintiff's behalf on February 17, 2010. (Doc. 5). The new address for Plaintiff was found by utilizing www.justicexhange.com, and updating Plaintiff's

address to the last known address of law enforcement. The Court also directed the Clerk's office to resend all the returned mail, which would have been Plaintiff's copies of Documents 1 through 4.

On February 26, 2010, mail was again returned to the Court. The mail was marked "Undeliverable- No longer here." The returned mail included all documents filed in the case up to that date. The mail had been sent to the new address entered by the court utilizing www.justicexchange.com. The court was unable to find any additional or new address for the Plaintiff and none was entered at that time.

Meanwhile, on February 17, 2010, service had been ordered on the Defendants. (Doc. 5). On April 6, 2010, mail was returned to the court as "Undeliverable marked Not Deliverable as Addressed - Unable to Forward." This set of returned mail included the return of the executed summons forms by the United States Marshals Service (Docs. 8, 9).

Thus, Plaintiff has received none of the documents filed in his case. All have been returned to the court, and the court is unable to find any new address for the Plaintiff. Moreover, the Plaintiff has not corresponded or communicated with the Court in any manner.

**II.     APPLICABLE LAW**

*Sua sponte* dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been " 'a

clear record of delay or contumacious conduct by the plaintiff' ") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. DISCUSSION

In this case, Plaintiff was notified of his need to keep an adequate and current address with the court. The forms for filing Section 1983 litigation in the Western District of Arkansas come with a cover letter. This cover letter includes the following relevant provisions:

> Under a local rule of this court, it is your obligation as a *pro se* plaintiff to inform this court at all times of your current mailing address. It is also your duty to prosecute your case diligently and monitor its progress.
>
> Again, you are advised that you must promptly inform the court of any change of address. If you are presently incarcerated, inform the court **immediately** upon your release.
>
> If the court does not receive a response within 30 days to any communication addressed to you at the last address provided by you, the court will assume that you have no further interest in the case and may dismiss same, without prejudice, upon motion of an adverse party or *sua sponte* (i.e. by the court acting on its own initiative.)

The local rule cited in the cover letter is Local Rule 5.5. Local Rule 5.5 (c)(2) provides the following:

> Parties appearing pro se. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.
> Local R. 5.5 (c)(2).

Thus, Plaintiff was likely notified once on the cover letter of the prisoner form packet, and at least through the local rules, of the need to keep a current address with the court. Moreover, not only has mail been returned in this case, but Plaintiff has also not corresponded with the court or contacted the court in any manner to prosecute this action.

### IV. CONCLUSION

Accordingly, I recommend Plaintiff's Complaint (Doc. 1) be **DISMISSED** pursuant to Rule 41 (b) for failure to prosecute and for failure to keep a current address with the court pursuant to Local Rule 5.5 (c)(2).

**The Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of May 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE